| | |
|---|---|
| Auron-Caelum :Stark<br>*AURON C. STARK* (ens legis)<br>Plaintiff.<br>v.<br>Movement Mortgage, LLC;<br>ServiceMac, LLC;<br>Steve Smith;<br>Lauren Devine;<br>Patrica M. Harris;<br>Deborah J. Patterson;<br>Marinosci Law Group<br>Defendants. | Civil Action No. 3:26-cv-30040-MGM |

**AMENDED OBJECTION OF DEFENDANT SERVICEMAC, LLC TO PLAINTIFF'S EMERGENCY MOTION FOR PRELIMAINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

COMES NOW, ServiceMac, LLC. ("Defendant") and files its Amended Opposition to Plaintiff's Emergency Motion for Preliminary Injunction and Temporary Restraining Order. For the reasons set forth below, and in supplement to its Objeciton filed with this court on July 7, 2026, Plaintiff's Motion Emergency Motion for Preliminary Injunction and Temporary Restraining Order should be denied on the basis that the Defendant properly handled the default servicing and foreclosure processes of the Plaintiffs account in accordance with applicable law.

**FACTS**

1.      Plaintiff is a Mortgagor with respect to a Mortgage granted By Mortgage Electronic Systems, Inc. as nominee for Movement Mortgage, LLC. on the property located at 14 Goodman Lane, Pittsfield, MA 01201 for which ServiceMac, LLC is the servicer.

2.      On May, 3 2021 the Plaintiff executed and delivered a certain promissory note (the "Note") in the original principal amount of $195,395.00. *(Exhibit A as filed with original Objection)*

3.      Pursuant to that certain Mortgage (the "Mortgage") executed by the Plaintiff all obligations with respect to the Note and Mortgage are secured by the Property and recorded in Berkshire Middle

[1]

District Registry of Deeds in Book 6900 at Page 104 dated May 3, 2021 in the amount of $195,395.00. *(Exhibit B as filed with original Objection)*

4. On March 10, 2025 the mortgage was assigned from Mortgage Electronic Systems, Inc. as nominee for Movement Mortgage, LLC to Movement Mortgage, LLC as recorded in the Berkshire Middle District Registry of Deeds in Book 07789 at Page 349. *(Exhibit C as filed with original Objection)*

5. Plaintiff had defaulted on his payment obligations for the Note and Mortgage on or about June 5, 2025 and a Mortgage foreclosure subsequently commenced.

6. As part of the foreclosure process an Order of Notice was recorded as against the Plaintiff with the Berkshire Middle District Registry of Deeds on October 25, 2025 at Book 07914, Page 199. *(Exhibit D as filed with original Objection)*

7. The Plaintiff had sent the defendant a Qualified Written Request on or about November 25, 2026 which was responded to by the defendant on December 23, 2025. The Defendants response letter has been included as *(Exhibit E as filed with original Objection),* save the 117 pages of attachments which were originally included with the Defendants Qualified Written Request response to the Plaintiff.

8. An Affidavit Pursuant to M.G.L Ch. 244, Sections 35B and 35C was filed with the Berkshire Middle District Registry of Deeds on January 9, 2026 at Book 07959, Page 95. This affidavit indicated that Movement Mortgage, LLC was the holder of the Note as secured by the Mortgage. *(Exhibit F as filed with original Objection).*

9. A foreclosure sale was subsequently scheduled, noticed and continued to July 9, 2026 at 12:00 PM.

10. On July 6, 2026 the Plaintiff filed the present Emergency Motion for Preliminary Injunction and Temporary Restraining Order.

11. On July 8, 2026 the Court had ordered the Defendant to file a response to Plaintiff's motion for Preliminary injunction. The Defendant offers its Amended Objection is intended to inform the court of additional informaton in response to the Plaintiff's claims.

<h1 style="text-align:center">STANDARD OF REVIEW</h1>

To prevail on a Motion to Stay, the moving party must successfully demonstrate each of the following factors to the Court's satisfaction: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." <u>Giguère v. Tardif</u>, Civil Action No. 1:25-cv-10468-IT, 2025 LX 332034, at \*3 (D. Mass. Sep. 1, 2025), *quoting* <u>Nken v. Holder</u>, 556 U.S. at 434 (internal citations omitted).

In analyzing the first of the aforementioned factors, the movant must demonstrably show to the court that their chances of success are "better than negligible". <u>Id.</u> To satisfy the second factor, the movant must show more than "possibility of irreparable injury". <u>Id.</u> at \*4. Here, the Debtor is unable to satisfy either factor.

<h1 style="text-align:center">ARGUMENT</h1>

**A. Plaintiff is Unable to Show a Likelihood of Success on the Merits**

The Plaintiff argues that he has a strong likelihood of success on the merits due to his claims that the Defendant does not hold the original promissory note and in light of this claim the Defendant

Plaintiff further argues that the assignment from Mortgage Electronic Registration Systems, Inc. as Nominee for Movement Mortgage, LLC to Movement Mortgage, LLC is void under the decision in *Eaton v. Federal National Mortgage Association*, 93 Mass. App. Ct. 216 (2018) since Mortgage Electronic Registration Systems, Inc. as Nominee for Movement Mortgage, LLC lacked authority to make such an assignment.

Plaintiff also claims that Defendant is in violation of 12 U.S.C. Section 2605(e) by failing to respond to Qualified Written Requests submitted to the Defendant. For the foregoing reasons, the Plaintiffs arguments must fail.

Plaintiff's arguments based on the Defendants lack of standing to foreclose under the Massachusetts Supreme Judicial Court decision *U.S. Bank National Ass'n v. Ibanez,* 458 Mass. 637 (2011) should fail. Contrary to the Plaintiff assertion that the plaintiff must hold the original note or the foreclosure must be process must be declared void. More accurately, the Massachusetts Supreme Judicial Court in the *Ibanez* decision held that a foreclosing entity, if it not the original mortgagee, must hold a valid written assignment of the mortgage when it publishes the statutory notice of foreclosure sale. *United States Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637 (2011). In the facts at hand an assignment from Mortgage Electronic Registration Systems, Inc. as Nominee for Movement Mortgage to Movement Mortgage, LLC. was issued ***(see Exhibit C as filed with original Objection)*** prior to publication thereby satisfying the mortgage assignment requirements set forth by the Massachusetts Supreme Judicial Court in *Ibanez*.

Plaintiff 's argument that the assignment from Mortgage Electronic Registration Systems, Inc. as Nominee for Movement Mortgage, LLC to Movement Mortgage, LLC is void under the decision in *Eaton v. Federal National Mortgage Association*, 93 Mass. App. Ct. 216 (2018) should also fail. In *Eaton* the Massachusetts Supreme Judicial Court (SJC) held that to validly foreclose on real property under the statutory power of sale, the foreclosing entity must hold the mortgage and the underlying promissory note, **_or_** act as the authorized agent of the note holder, when the statutory notice of sale is mailed (emphasis added) *Eaton v. Federal National Mortgage Association*, 93 Mass. App. Ct. 216 (2018).

In this circumstance, the Plaintiff held the note and mortgage as shown by recorded assignment and recorded 35B and 35C Affidavit presented by the Defendant in its ***Exhibits C&F as filed with original Objection*** which would satisfy the requirements as set forth under *Eaton*.

## B. Defendant's Loss Mitigation Communications with Plaintiff were not misleading.

The plaintiff maintains that he was advised by a servicer representative that the plaintiff could

not receive loss mitigation unless he was 90 days delinquent in loan payments. After a review of the loss mitigation notes pertaining to the plaintiff's account in Defendants possession, the Defendant is unable to locate support for the Plaintiffs claim. As such the Defendant maintains that its servicer representative did not advise the Plaintiff that he could not receive loss mitigation unless the plaintiff was 90 days delinquent on his mortgage payments. As support for its position, Defendant provides the ***Affidavit in Support*** of Amended Objection as filed here with.

### C. Plaintiff Has Responded to all Received Qualified Written Requests.

Plaintiff has claimed that Defendant has failed to respond to Qualified Written Requests mailed to defendant. Defendant has included its response to the Qualified Written Request received on or about November 25, 2026 which was responded to on December 23, 2025. Defendants response letter has been included as ***Exhibit E as filed with original Objection.*** Defendant has not received any further Qualified Written Requests submitted by the Plaintiff to Defendants attention, including the one alleged was sent the Defendant on or around October 17, 2025. As support for its position, Defendant provides the ***Affidavit in Support*** of Amended Objection as filed here with.

For the foregoing reasons, the Plaintiffs' arguments cannot succeed on the merits and accordingly must fail.

### D. Plaintiff is Unable to Demonstrate Irreparable Harm

Plaintiff argues that because a foreclosure sale by the Mortgagee is imminent, he will suffer irreparable harm by loss of his home.  However, because Plaintiff is unable to demonstrate the likelihood of success on the merits, he is unable to demonstrate the nexus that she would incur an irreparable harm that outweighs the harm incurred by the Mortgagee, namely the Plaintiff's continued non-performance under the terms of the mortgage.

**The Public Interest is Not Served if a Preliminary Injunction or Temporary Restraining Order were to be granted.**

Entering a Preliminary Injunction or Temporary Restraining Order does not serve the

public interest, as the public has an interest in the efficient administration of Court proceedings and protecting the interests of mortgagee's rights when mortgagors have been afforded due process of law. Enforcing a Preliminary Injunction or Temporary Restraining Order in the instant proceedings would only serve to delay matters further, which has already resulted in a substantial delay for the Defendant as no payments have been made on the account for over a year.

## CONCLUSION

For the reasons stated above, the Plaintiff is unable to satisfy the factors required to allow the Court to enter a Preliminary Injunction or Temporary Restraining Order, as he can neither demonstrate a likelihood of success on the merits of his claim, nor can he show irreparable harm.  Moreover, by granting a stay of the foreclosure process, the Court would not be serving the public's interest because a stay would only serve to further delay the foreclosure proceedings, which were clearly not erroneous, a delay of which would only serve to cause further financial harm to the Defendant.

**WHEREFORE**, requests that the Court deny the Plaintiffs Preliminary Injunction or Temporary Restraining Order and grant any further relief that the Court deems necessary.

Respectfully submitted,

**ServiceMac, LLC**

By its attorneys,

*/s/ Brian M. Kiser*_____
Brian M. Kiser, Esq., BBO#673022
Marinosci Law Group, P.C.
275 West Natick Rd, #500
Warwick, RI 02886
Telephone: (401) 234-9200
bkiser@mlg-defaultlaw.com
bkinquiries@mlg-defaultlaw.com

Dated: July 20, 2026

<div style="text-align: center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS (SPRINGFIELD)**

</div>

| | |
|---|---|
| Auron-Caelum :Stark<br>*AURON C. STARK* (ens legis)<br>　　　　　　Plaintiff.<br>v.<br>Movement Mortgage, LLC;<br>ServiceMac, LLC;<br>Steve Smith;<br>Lauren Devine;<br>Patrica M. Harris;<br>Deborah J. Patterson;<br>Marinosci Law Group<br>　　　　　　Defendants. | Civil Action No. 3:26-cv-30040-MGM |

<div style="text-align: center">

### <u>CERTIFICATE OF SERVICE</u>

</div>

I, Brian M. Kiser of Marinosci Law Group, P.C., do hereby certify that on July 20, 2026, I served a copy of the *AMENDED OBJECTION OF DEFENDANT SERVICEMAC, LLC TO PLAINTIFFS EMERGENCY MOTION FOR PRELIMAINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER* on the attached service list by mailing a copy of same by first class mail, postage prepaid or other method specified on service list.

Signed this 20th day of July, 2026.

<div style="margin-left: 50%">

/s/ Brian M. Kiser
Brian M. Kiser, Esq., BBO #673022
Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI 02886
Telephone: (401) 234-9200
bkiser@mlg-defaultlaw.com
bkinquiries@mlg-defaultlaw.com

</div>

**<u>VIA U.S. REGULAR MAIL</u>**
Auron C. Stark
212 Fenn Street #86
Pittsfield, MA 01201